UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JO ANN SNELL,

    Defendant.
_____/

Case No. 07-20346

Honorable Nancy G. Edmunds

**ORDER DENYING DEFENDANT'S
MOTION TO EXPUNGE CONVICTION [22]**

In a judgment entered on October 23, 2008, Defendant Jo Ann Snell was sentenced to one day of imprisonment (time served) and three years of supervised release, following her conviction by guilty plea to a single count of attempting to bring an alien to the United States for private financial gain. Through the present motion filed on July 5, 2017, Defendant requests that the Court expunge this conviction, explaining that it is hindering her opportunities for advancement in her employment.

The Sixth Circuit Court of Appeals has recognized that federal district courts have the "inherent equitable power[]" to grant the remedy of expungement. *United States v. Doe,* 556 F.2d 391, 393 (6th Cir. 1977). This discretionary authority, however, is "narrow and appropriately used only in extreme circumstances," most typically in cases involving "illegal convictions, convictions under statutes later deemed unconstitutional, and convictions obtained through governmental misconduct." *United States v. Robinson,* No. 94-1945, 1996 WL 107129, at *1-*2 (6th Cir. March 8, 1996). "Conversely, courts have uniformly denied expunction requests regarding valid convictions." *Id.* at *2.

In her present motion, Defendant does not question the validity of her conviction. Rather, in seeking expungement of this conviction, Defendant states that she has had "no issues or incidents with the law" since she completed her sentence and has been employed throughout this time, but that her criminal record nonetheless threatens to "hold [her] back" and jeopardizes her continued advancement in her current job. (Defendant's Motion at 1-2.)

The Court commends Defendant for her steady employment since she served her sentence, and for her success in becoming and remaining a law-abiding citizen. As the Government correctly observes, however, this Court and others have routinely held that an adverse impact upon opportunities for advancement in employment — or, indeed, upon the opportunity even to pursue certain types of employment — does not rise to the level of "extreme circumstances" that would warrant expungement of a conviction. *See, e.g., Robinson,* 1996 WL 107129, at *2; *Landrum v. United States,* No. 91-80694, 2009 WL 1033351, at *1 (E.D. Mich. April 16, 2009); *United States v. Davis,* No. 81-20033, 2008 WL 2714119, at *2 (E.D. Mich. July 7, 2008); *United States v. Abbass,* No. 93-80068, 2008 WL 544950, at *3 (E.D. Mich. Feb. 25, 2008); *United States v. Dillard,* No. 93-80772, 2007 WL 2261420, at *1 (E.D. Mich. Aug. 3, 2007); *United States v. Guglielmello,* No. 90-80028, 2007 WL 2004804, at *2 (E.D. Mich. July 9, 2007) (Edmunds, J.); *United States v. Wiley,* 89 F. Supp.2d 909, 911-12 (S.D. Ohio 1999). Under this uniform weight of authority, the Court finds that the circumstances here are not sufficiently extreme or unusual to justify the expungement of Defendant's conviction.

For these reasons,

The Court hereby DENIES Defendant's July 5, 2017 motion to expunge her conviction (Dkt. 22).

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: September 11, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 11, 2017, by electronic and/or ordinary mail.

s/Carol J. Bethel
Case Manager